UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA WASHINGTON,<br><br>  Plaintiff,<br><br>  v.<br><br>LOWES HIW INC., et al.,<br><br>  Defendants. | Case No. 14-cv-02984-CRB (KAW)<br><br>**REPORT AND RECOMMENDATION TO GRANT APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 2 |

The Court has received plaintiff's complaint and application to proceed in forma pauperis, both filed in this Court on June 27, 2014. The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). The in forma pauperis statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The Court has reviewed plaintiff's application to proceed in forma pauperis and finds that she is unable to pay the filing fee. Therefore, the Court recommends that the application to proceed in forma pauperis be granted.

The Court also recommends that plaintiff's complaint be dismissed with leave to amend because it fails to state a claim upon which relief can be granted. It is impossible to discern from plaintiff's complaint any of the essential details of the events that triggered plaintiff's lawsuit or the legal theories under which she seeks relief. For example, plaintiff lists claims for fraud, equal pay, age discrimination, gender discrimination, hostile work environment, intentional behavior,

emotional distress, RICO, and retaliation on the cover page of her complaint, but the only claims captioned in the complaint are harassment, retaliation, and RICO. In addition, even though these three claims are separately captioned, it is unclear which events relate to which claims or whether such claims are asserted against any of the named defendants.

For these reasons, plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Accordingly, the undersigned recommends that plaintiff's complaint be dismissed with leave to amend, pursuant to 28 U.S.C. § 1915(e)(2).

In the event plaintiff's complaint is dismissed with leave to amend, she may wish to consult a manual the Court has adopted to assist pro se litigants in presenting their case. This manual, and other free information, is available online at: http://cand.uscourts.gov/proselitigants. Plaintiff may also wish to contact the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—by calling (415) 782-8982.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-2. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568 EDL, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

**IT IS SO ORDERED.**

Dated: 07/11/2014

KANDIS A. WESTMORE
United States Magistrate Judge