United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LOWE'S HIW INC., ET AL.,<br><br>　　　　Defendants.<br>_____/ | No. 3:14-cv-02984-CRB<br><br>**ORDER GRANTING MOTIONS TO DISMISS, DENYING MOTION TO FILE SECOND AMENDED COMPLAINT, AND DENYING AS MOOT MOTION FOR EXTENSION OF TIME** |

Now before the Court are three motions to dismiss pro se Plaintiff Lisa Washington's First Amended Complaint ("FAC"): one filed by a group of eight individual defendants (dkt. 20), one filed by individual defendant Robert Niblock (dkt. 26), and one filed by individual defendant Rena Love Galimba (dkt. 27).  Because the FAC fails to state a plausible claim for relief on any of its alleged causes of action, the Court GRANTS all three motions to dismiss the FAC.  Certain circumstances in this case, as explained below, also warrant DENYING LEAVE TO AMEND, which entails DENYING Plaintiff's pending motion to file a Second Amended Complaint (see dkt. 19 & 25) and DENYING AS MOOT Plaintiff's pending motion for an extension of time to serve the summons and Second Amended Complaint (dkt. 29).

**I.    BACKGROUND**

Plaintiff is a former employee of a Lowe's retail store in Fremont, California, where she worked from December 2011 until she was involuntarily terminated in May 2014.  FAC ¶ 12.

1  Plaintiff alleges that, during her employment with Lowe's, she was told by former store Human
2  Resources Manager Raynetta Hart[1] that she would receive a pay increase she calls a "90 day STAR
3  increase," but that she never received this increase. FAC ¶ 13. She alleges that, after she asked why
4  she did not receive the pay increase, she was subjected to "rude and hostile treatment." FAC ¶ 14.
5  She also alleges that her duties and responsibilities were reduced, she was excluded from team
6  meetings with management, was unfairly accused of stealing, was subjected to "distant, cold, and
7  unfriendly" attitudes from co-workers, was paid less than males were, was not offered a promotion,
8  was not interviewed for a full-time position, and was wrongfully terminated. FAC ¶¶ 15-16.

Plaintiff filed a Complaint and motion for leave to proceed in forma pauperis on June 27, 2014. Compl. and Mot. IFP (dkts. 1 and 2). On July 16, 2014, this Court adopted Magistrate Judge Westmore's recommendation that the motion to proceed in forma pauperis be granted and that the Complaint be dismissed with leave to amend because it failed to state a claim upon which relief may be granted. Order (dkt. 8). On August 13, 2014, Plaintiff filed her FAC. (Dkt. 11). Lowe's filed its Answer to the FAC on September 26, 2014. (Dkt. 17).

Later that same day, Plaintiff filed a motion for leave to file a Second Amended Complaint ("SAC"), which she styled as a motion to amend the FAC. Mot. SAC (dkt. 19). Three days later, on September 29, 2014, individual defendants Jason McNutt, Edward Oliveira, Jeff Reynolds, Amy Hernandez, Santiago Pena, Sylvia LeRoy, Ming Chung, and Diane Smith (the "Individual Defendants") filed a joint motion to dismiss Plaintiff's FAC. Defendants Rena Love Galimba and Robert Niblock thereafter each filed motions to dismiss Plaintiff's FAC.

## II.  LEGAL STANDARD

### A.  MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of evaluating a motion to dismiss, a Court "must presume all factual allegations of the complaint to be

---

[1] Raynetta Hart is not a defendant in this suit.

2

true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Moreover, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). Rather, a complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

### B.   LEAVE TO AMEND

In determining whether to grant a motion to amend, a court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (citing Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)). "However, each is not given equal weight. Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin, 59 F.3d at 845. And, it is "the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Under Federal Rule of Civil Procedure 15(a), a court freely gives leave to amend "when justice so requires."

//

//

## III. DISCUSSION

### A. MOTIONS TO DISMISS

Plaintiff's FAC raises an employment discrimination claim against her former employer Lowe's HIW, Inc. and eleven individual defendants. Although Plaintiff's pro se FAC is difficult to discern at times, it appears to allege claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA") and California's Fair Employment Housing Act ("FEHA") for discrimination, sexual harassment, retaliation, wrongful termination in violation of public policy, breach of the implied covenant of good faith and fair dealing, and various fraud claims.

Now before the Court are three motions to dismiss Plaintiff's FAC: one collectively filed by eight of the individual defendants, all of whom are or were Lowe's employees and are referred to herein as the "Individual Defendants;"[2] one by Defendant Robert Niblock, who is Lowe's CEO, Chairman of the Board, and President; and one by Defendant Rena Love Galimba, who was a Lowe's Human Resources Manager at the time of Plaintiff's employment. All three Motions to Dismiss are GRANTED as to all claims.

The Individual Defendants, Robert Niblock, and Rena Love Galimba move to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) on four grounds: First, they argue that Plaintiff's claims of discrimination, retaliation, harassment, equal pay, wrongful termination in violation of public policy, and breach of the implied covenant of good faith and fair dealing fail as a matter of law because non-employer individual defendants cannot be held liable for employment claims. Second, they argue that Plaintiff has not alleged facts giving rise to a plausible claim for sexual harassment. Third, they argue Plaintiff has failed to exhaust administrative remedies. Fourth, they argue Plaintiff has failed to allege facts giving rise to a plausible claim for fraud, civil RICO conspiracy, and civil RICO mail fraud under the heightened specificity required by Federal Rule of Civil Procedure 9(b) and fails to identify alleged fraudulent conduct.

---

[2] This motion is on behalf of defendants Jason McNutt, Edward Oliveira, Jeff Reynolds, Amy Hernandez, Santiago Pena, Sylvia LeRoy, Ming Chung, and Diane Smith.

4

### 1. Plaintiff's First, Third, Fourth, Fifth, Sixth, and Eighth Causes of Action – Federal Claims

The Individual Defendants, Robert Niblock, and Rena Love Galimba correctly argue that Plaintiff's First, Third, Fourth, Fifth, Sixth, and Eighth causes of action against them must be dismissed because, as a matter of law, non-employer individuals cannot be liable for the claims stated therein under Title VII or the ADEA. These causes of action allege claims of sex discrimination, sexual harassment, retaliation, equal pay, age discrimination, and sexually hostile work environment. Plaintiff asserts that these claims are brought pursuant to federal law, specifically Title VII and the ADEA. See FAC ¶ 8.

The Ninth Circuit has consistently held that non-employer individuals cannot be held personally liable under Title VII or the ADEA. See, e.g., Holly D. v. California Institute of Technology, 339 F.3d 1158, 1179 (9th Cir. 2003) (affirming the district court's grant of summary judgment in favor of an individual defendant because "[w]e have consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees"); Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998) ("[C]ivil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee."); Miller v. Maxwell's Intern. Inc, 991 F.2d 583, 587-88 (9th Cir. 1993) ("[I]ndividual defendants cannot be held liable for damages under Title VII," nor in "suits under the ADEA," even if those defendants were supervisory personnel.) Under this precedent, Plaintiff's federal discrimination, harassment/hostile work environment, and retaliation claims against the Individual Defendants, Robert Niblock, and Rena Love Galimba, as embodied in the First, Third, Fourth, Fifth, Sixth, and Eighth causes of action, must be dismissed.

### 2. Plaintiff's First, Second, Fourth, Fifth, and Seventh Causes of Action– State Law Claims

To the extent Plaintiff appears to allege claims for sex discrimination, retaliation, and unequal pay under California's Fair Employment Housing Act ("FEHA"), Cal. Gov. Code § 12900 et seq., these claims also are not cognizable against the Individual Defendants, Robert Niblock, or Rena Love Galimba as a matter of law. The same holds true for Plaintiff's common

1  law actions, which appear in her Second cause of action for wrongful termination in violation of
2  public policy and Seventh cause of action for breach of the covenant of good faith and fair
3  dealing, because they are based on allegations that Plaintiff's termination from employment was
4  retaliatory or motivated by sex discrimination, see FAC ¶¶ 29, 63.

5  In Reno v. Baird, 18 Cal. 4th 640, 643 (Cal. 1998), the California Supreme Court held
6  that "FEHA, like similar federal statutes, allows persons to sue and hold liable their employers,
7  but not individuals[, a] conclusion that also applies to common law actions for wrongful
8  discharge."  The Court explained that although FEHA prohibits harassment as well as
9  discrimination, the latter prohibition applies only to "an employer,"—not to employees,
10 including those in supervisory roles.  Id. at 644-45.  The Court distinguished the two by noting
11 that discrimination claims, but not harassment claims, could encompass "commonly necessary
12 personnel management actions such as hiring and firing, job or project assignments, office or
13 work station assignments, promotion or demotion, performance evaluations, the provision of
14 support, the assignment or nonassignment of supervisory functions, deciding who will and who
15 will not attend meetings, deciding who will be laid off, and the like."  Id. at 646-47.
16 "Harassment, by contrast, consists of actions outside the scope of job duties which are not of a
17 type necessary to business and personnel management."  Id. at 647.  The Court concluded that,
18 like cases interpreting FEHA's federal counterparts Title VII and the ADEA, "individuals who
19 do not themselves qualify as employers may not be sued under the FEHA for alleged
20 discriminatory acts," though they may be held liable for harassment.  Id. at 644, 647-48, 663.

21 The Court in Reno extended its holding to dismiss plaintiff's common law cause of
22 action for discharge in violation of public policy.  Id. at 663-64.  It noted that the "basis for that
23 cause of action, and the public policy plaintiff cites, is the FEHA."  Id. at 663.  Because "[i]t
24 would be absurd to forbid a plaintiff to sue a supervisor under the FEHA, then allow essentially
25 the same action under a different rubric," the Court's holding that a plaintiff may not sue an
26 individual supervisor under the FEHA also prohibited her from suing the supervisor individually
27 for wrongful discharge in violation of public policy.  Id. at 664.

28 In Jones v. Lodge at Torrey Pines Partnership, 42 Cal. 4th 1158, 1160 (Cal. 2008), the

1  California Supreme Court expressly extended <u>Reno</u>'s holding to FEHA claims for retaliation;
2  that is, only the employer, but not nonemployer individuals, may be held liable.[3]

3  Applied here, these principles require the dismissal of Plaintiff's claims against the
4  Individual Defendants, Robert Niblock, and Rena Love Galimba to the extent they allege FEHA
5  causes of action for discrimination and retaliation.  Plaintiff nowhere alleges that these
6  defendants were her employer or had an employment contract with her, and indeed no
7  employment relationship existed.  Although the Court need not express any view as to whether
8  the claims might be cognizable against Lowe's, Inc., <u>Reno</u> and <u>Jones</u> make clear the claims are
9  not cognizable against the Individual Defendants, Robert Niblock, or Rena Love Galimba, all of
10 whom were Plaintiff's co-workers or supervisors.  Her claims for wrongful termination in
11 violation of public policy and breach of the covenant of good faith and fair dealing allege only
12 that Plaintiff was wrongfully discharged for discriminatory and retaliatory reasons, <u>see</u> FAC
13 ¶¶ 29, 63, and are therefore also not cognizable against the these defendants under <u>Reno</u>, 18 Cal.
14 4th at 664.  See also <u>Miklosy v. Regents of University of Cal.</u>, 44 Cal. 4th 876, 900-901 ("[A]
15 <u>Tameny</u> action for wrongful discharge can only be asserted against an employer. An individual
16 who is not an employer cannot commit the tort of wrongful discharge in violation of public
17 policy; rather, he or she can only be the agent by which an employer commits that tort."); <u>Cleary
18 v. American Airlines, Inc.</u>, 111 Cal. App. 3d 443, 456 (Cal. Ct. App. 1980), ("As to the cause of
19 action directed toward the plaintiff's fellow employees, the law is clear that they may not be held
20 accountable for the employer's breach of the implied-in-law covenant of good faith and fair
21 dealing."), <u>disapproved of on other grounds by</u> <u>Guz v. Bechtel Nat'l, Inc.</u>, 241 Cal. 4th 317 (Cal.
22 2000).

### 3. Plaintiff's Harassment Claims

Two of Plaintiff's causes of action allege harassment: the Third cause of action, which alleges sexual harassment claims under FEHA and Title VII, and the Eighth cause of action, which alleges a hostile work environment under FEHA, specifically a sexually hostile work

---

[3] The case that Plaintiff cites in support of her argument that individuals may be held liable for retaliation under a FEHA cause of action, <u>Walrath v. Sprinkel</u>, 99 Cal. App. 4th 1237 (Cal. Ct. App. 2002), was expressly overruled by <u>Jones</u>, 42 Cal. 4th at 1162.

7

environment in which the Individual Defendants, Robert Niblock, and Rena Love Galimba harassed Plaintiff on the basis of her sex. Unlike discrimination claims, harassment claims are cognizable against individual defendants under FEHA. Reno, 18 Cal. 4th at 644. That liability can extend to nonsupervisory coworkers. See Cal. Gov. Code § 12940(j)(3) ("An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action.").

But Plaintiff's FEHA claims must be dismissed as to the Individual Defendants, Robert Niblock, and Rena Love Galimba because Plaintiff failed to exhaust administrative remedies as to those defendants. Plaintiff's FEHA claims are subject to requirements that Plaintiff exhaust administrative prerequisites by filing a charge of discrimination concerning the allegedly discriminatory conduct.[4] See Cal. Gov't Code § 12960-12965. Plaintiff filed a discrimination complaint with the United States Equal Employment Opportunity Commission ("EEOC"), and attaches her EEOC right-to-sue letter to the FAC, ¶ 10 & Ex. A. The Individual Defendants provide a copy of the EEOC charge itself.[5] Both documents show that only Lowe's–not any individual defendant–was named in Plaintiff's EEOC charge. See FAC Ex. A and Mot. Dismiss Ex. A. At least as to Plaintiff's FEHA harassment that Plaintiff could otherwise bring against the Individual Defendants, Robert Niblock, and Rena Love Galimba, this defeats her ability to show that she exhausted her administrative remedies with respect to these defendants. See Medix Ambulance Service, Inc. v. Superior Court, 97 Cal. App. 4th 109, 115-18 (Cal. Ct. App.

---

[4] Of course, Plaintiff's Title VII and ADEA claims are also subject to administrative exhaustion requirements, see 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(d) (ADEA), and also fail for the same reasons here, but in any event those claims are not cognizable against the Individual Defendants as discussed above; only the FEHA harassment claims are cognizable.

[5] Although a district court generally considers only the contents of the complaint on a motion to dismiss, defendants are entitled to rely on the EEOC charge here because "a document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned." See Cooper v. Pickett, 137 F.3d 616, 622-23 (9th Cir. 1997). When, as here, "the plaintiff fails to introduce a pertinent document as part of his pleading, the defendant may introduce the exhibit as part of his motion attacking the pleading," such that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." Id. (alterations in original omitted).

2002) ("The timely filing of an administrative complaint is a prerequisite to the bringing of a civil action for damages under the FEHA," and no administrative exhaustion had occurred with respect to individual defendants neither listed as respondents in the administrative charge nor named in the body of the complaint as alleged perpetrators); see also Valdez v. City of Los Angeles, 231 Cal. App. 3d 1043, 1061-63 (Cal. Ct. App. 1991) (the failure to list the individual defendants in the administrative complaint precluded the civil action, despite a purported ambiguity in the compliant form which asked the complainant to name the "Employer, Labor Organization, Employment Agency, Apprenticeship Committee, State or Local Government Agency Who Discriminated Against Me," such that laypersons might not know they had to list the individuals involved in the discrimination as well as the entity which employed them).[6]

"Exhaustion of administrative remedies is a "'jurisdictional prerequisite to resort to the courts,' not a matter of judicial discretion." Wilson-Combs v. Cal. Dept. of Consumer Affairs, No. cv-07-2097 WBS, 2008 WL 227850 (E. D. Cal. 2008) (quoting Johnson v. City of Loma Linda, 24 Cal. 4th 61, 70 (Cal. Ct. App. 2000)).  Accordingly, this Court GRANTS the motions to dismiss the FEHA harassment claims as to all Individual Defendants[7], Robert Niblock, and Rena Love Galimba for failure to exhaust administrative remedies.

Independently, even if Plaintiff's FEHA claims were not barred by her failure to exhaust administrative remedies, Plaintiff fails to allege facts giving rise a viable sexual harassment or sexually hostile work environment claim against any of the Individual Defendants, Robert Niblock, or Rena Love Galimba, under either statute.  To state a claim for sexual harassment or sexually hostile work environment claim, Plaintiff must plead that "(1) she was subjected to verbal or physical contact of a sexual nature, (2) the conduct was unwelcome, and (3) the

---

[6] At most, Plaintiff has exhausted her administrative remedies as to Individual Defendant store manager Jason McNutt, who is listed in the body of the EEOC complaint as the perpetrator of discriminatory acts. See Martin v. Fisher, 11 Cal. App. 4th 118 (Cal. Ct. App. (1992) (an individual defendant named in body of the complaint received sufficient notice for administrative remedies to be considered exhausted as to that defendant); Mot. Dismiss Ex. A.  However, as will be discussed in more detail, the FAC alleges no discriminatory acts as to Jason McNutt directly; it mentions him only in a laundry list of defendants as someone to whom Plaintiff complained regarding the alleged harassing treatment and in conclusory lists of all defendants who allegedly "allowed to exist" a hostile work environment. FAC ¶ 46, 59, 67, 68, 77.

[7] Except Individual Defendant Jason McNutt, as discussed in note 6, supra.

1  abusive conduct was sufficiently severe or pervasive so as to alter the conditions of her
2  employment thus creating an abusive working environment." Foster v. ScentAir Technologies,
3  Inc., No. 13-CV-05772-TEH, 2014 WL 2603995, at *3 (N.D. Cal. June 10, 2014) (citing
4  Sheffield v. Los Angeles Cnty. Dep't of Soc. Servs., 109 Cal.App. 4th 153, 161 (2003); Miller v.
5  Dep't of Corrections, 36 Cal. 4th 446, 462 (2005)).  As a general matter, with respect to
6  pervasiveness, there is no recovery "for harassment that is occasional, isolated, sporadic, or
7  trivial; rather, the employee must show a concerted pattern of harassment of a repeated, routine,
8  or a generalized nature." Lyle v. Warner Bros. Television Prods., 38 Cal. 4th 264, 283 (2006)
9  (citation omitted).

10       With respect to severity, generally "liability for sexual harassment may not be imposed
11  based on a single incident that does not involve egregious conduct akin to a physical assault or
12  the threat thereof." Id. at 284. "To be actionable, a sexually objectionable environment must be
13  both objectively and subjectively offensive, one that a reasonable person would find hostile or
14  abusive, and one that the victim in fact did perceive to be so." Id.  Whether there is a hostile
15  work environment must be determined from the "totality of the circumstances," including "(1)
16  the nature of the unwelcome sexual acts or words (with physical touching generally considered
17  more offensive than mere words); (2) the frequency of the offensive acts or encounters; (3) the
18  total number of days over which all the offensive conduct occurred; and (4) the context in which
19  the sexually harassing conduct occurred." Sheffield, 109 Cal. App. 4th at 162 (citation omitted).

20       Similar standards apply to a Title VII claim, which recognizes a cause of action for a
21  discriminatory hostile workplace environment that is "permeated with 'discriminatory
22  intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions
23  of the victim's employment and create an abusive working environment.'" See Harris v. Forklift
24  Systems, Inc., 510 U.S. 17, 21 (1993) (quoting Meritor Savings Bank, FSB v. Vinson, 477 U.S.
25  57, 65, 67 (1986)).

26       Plaintiff's allegations fail to plead a concerted pattern of hostile or abusive harassment
27  against any Individual Defendant, Robert Niblock, or Rena Love Galimba.  Most of Plaintiff's
28  allegations involve behavior that is not sexual at all nor connected to sexual allegations, but

rather simple workplace annoyances that are not actionable under any theory.[8], [9] Other alleged sexual comments are isolated incidents involving only individuals who are not defendants to this suit. See, e.g., FAC ¶¶ 36-38, 40, 42. As to alleged behavior that is both remotely sexual in nature and involving defendants, Plaintiff alleges only the following: that Individual Defendant Santiago Pena made sexual comments to other customers and employees (not Plaintiff), FAC ¶¶ 39, 71; that Individual Defendant Ming Chung once gave Plaintiff a "dirty look" and walked closely behind her, FAC ¶ 41; and that "the GOB (Good Old Boys)"–Plaintiff's name for a group of male employees that included Individual Defendants Edward Olivera and Santiago Pena, FAC ¶ 48–would "go behind Mill works or lumber" and talk about female associates, FAC ¶ 78.

These allegations fail to state a viable claim of sexual harassment against any of the Individual Defendants, Robert Niblock, or Rena Love Galimba because they do not plead discriminatory abusive conduct that is "sufficiently pervasive as to alter the conditions of employment and create a hostile work environment." See Foster, 2014 WL 2603995, at *3. Under the totality of the circumstances, Plaintiff alleges no conduct against any these defendants that involved physical contact or graphic discussions of sex. Most of her allegations are entirely non-sexual and non-discriminatory in nature, and amount to nothing more than ordinary workplace annoyances. See supra, n.8. The only instances of alleged abusive conduct relating to sex are equivocal or isolated and directed at employees other than Plaintiff herself.

In short, though she may have been unhappy in her employment, Plaintiff does not allege

---

[8] Plaintiff alleges that Individual Santiago Pena once reported that Plaintiff took her Lowe's apron home and once told Plaintiff not to come to his department, FAC ¶¶ 70, 74; that Individual Defendant Ming Chung once "took" some merchandise Plaintiff had set aside to pick up later, FAC ¶ 75; that Individual Defendants Edward Oliviera and James Pruitt told Plaintiff that she should not exist through the lumber door and questioned her about removing her Lowe's apron from the store, FAC ¶ 70; that Individual Defendant Diane Smith became upset with Plaintiff once because Plaintiff was using a store computer to access the internet, accused Plaintiff of being insubordinate when Plaintiff refused to leave the computer desk, inquired about Plaintiff's doctor's note, refused to help when Plaintiff asked for help with customers, and followed Plaintiff around the store, FAC ¶¶ 78-80; and that Individual Defendants Edward Oliveira, Sylvia LeRoy, and defendant Rena Love Galimba wrote her up for infractions such as carrying her backpack, and later fired her, FAC ¶ 81.

[9] Moreover, Plaintiff does not appear to allege discrimination or harassment on the basis of race, nor that she is a member of a protected class with respect to race. See FAC, throughout and specifically ¶¶ 10, 15, 29, 48, 55, 66, 67, 83. She does, however, cite "racist jokes in the breakroom," which included Individual Defendant Edward Oliveira, as an example of a sexually hostile work environment, see FAC ¶¶ 67-69, and that Individual Defendant Jeff Reynolds once said to another employee (not Plaintiff) that "You act like you're from Oakland," FAC ¶ 68. If there is any extent to which the FAC can be construed to allege racial claims, it fails to do so with the plausibility or specificity required to survive the instant motions to dismiss, for the same reasons discussed above.

she was subjected to "a concerted pattern of sexual harassment of a repeated, routine, or a generalized nature." See Lyle, 38 Cal. 4th at 283. At most, the alleged conduct resembles the occasional, isolated, sporadic, or trivial harassment for which there is no recovery under a hostile workplace theory. See Foster, 2014 WL 2603995 at *3; Lyle, 38 Cal. 4th at 284. As to the Individual Defendants, Robert Niblock, and Rena Love Galimba, none is alleged to have engaged in the pervasive discriminatory harassment necessary for a claim under FEHA or Title VII, or even that any supervisor engaged in any official employment action with the "secondary effect of communicating a discriminatory hostile message" as part of a "widespread pattern of bias," see Roby v. McKesson Corp., 47 Cal. 4th 686, 709 (Cal. 2009) (citing Miller, 36 Cal. 4th at 446, 466 (2005)). Therefore, the Motion to Dismiss these claims are GRANTED as to the Individual Defendants, Robert Niblock, and Rena Love Galimba.

### 4. Plaintiff's Fraud, Civil RICO Conspiracy and Mail Fraud Claims

Plaintiff's Ninth and Tenth Causes of Action purport, and fail, to allege claims for fraud and civil RICO mail fraud conspiracy. Federal Rule of Civil Procedure 9(b) requires that fraud claims, including civil RICO fraud, be pleaded with specificity, including stating in the complaint the time, place and content of the false representations, as well as the identity of the person making them.

As to Plaintiff's Ninth cause of action for Fraud, the crux of the complaint seems to be that "Defendant Lowe's HIW INC. committed Fraud by making false promises to plaintiff regarding a 90 day pay increase and review." FAC ¶ 87. Plaintiff essentially alleges that during her initial orientation, Plaintiff was told by Human Resources Manager Raynetta Hart (not a defendant here) that it was Lowe's policy that all employees receive what Plaintiff calls a "90 day star increase," apparently a pay increase, and that Plaintiff never received the increase despite sending various emails. FAC ¶¶ 88, 93-94. But no party to this suit is alleged to have made a false statement, as required for a Fraud cause of action. Individual Defendants are only mentioned in the following contexts: that Rena (presumably defendant Rena Love Galimba) stated she sent a fax to Jason McNutt for his approval, who gave it back unsigned and said "some nasty things," FAC ¶ 92; that Reynetta Hart (not a party here) "stated that when she was

talking to Jeff Reynolds about the situation he said, something not very positive," FAC ¶ 92; and that Plaintiff emailed Lowe's CEO Robert Niblock, because "Lowe's always encourag[s] [their] employees to use their open door policy," FAC ¶ 94.  Nowhere does Plaintiff allege that any Individual Defendant, Robert Niblock, or Rena Love Galimba made false representations, and therefore her Ninth Cause of Action for Fraud fails to state a claim.  See Fed. R. Civ. P. 9(b).

Plaintiff's Tenth Cause of Action alleges that Lowe's, along with Individual Defendants Edward Oliveira, Jason McNutt, Jeff Reynolds, Amy Hernandez and defendant Robert Niblock, attempted to defraud the Alameda County court system and deny Plaintiff access to court by purportedly "tr[ying] to get Evidence from plaintiff by tell[ing] her she had to put her back pack in the locker."  FAC ¶ 98.

Plaintiff's allegations in this cause of action are barely intelligible and conclusory, but even if true, they fail to state a viable cause of action for civil RICO mail fraud or conspiracy.  Civil RICO claims must allege that a defendant, through acts that constitute a "pattern of racketeering activity," directly or indirectly participated in the conduct of an "enterprise," the activities of which affect interstate or foreign commerce, and that the plaintiff was injured in his business or property by reason of such conduct.  See 18 U.S.C. § 1962.  Plaintiff does not allege any of these elements in anything other than the most conclusory of ways.  See FAC ¶¶ 97-102.  The core of her allegation, that Lowe's employees instructed her to store her back pack in her locker while she was working at Lowe's, is far from "racketeering activities" or in violation of any law.  Therefore, Plaintiff has failed to state a claim for Civil RICO or mail fraud conspiracy and her Tenth cause of action is dismissed.

### B.     LEAVE TO AMEND

After the time window in which a plaintiff can amend a complaint as a matter of course, Plaintiff filed a motion for leave to file a Second Amended Complaint ("SAC"), which she styled as a "Motion to Amend/Correct," on September 26, 2014.  See Mot. to Amend/Correct (dkt. 19) and SAC (dkt. 25).  The Individual Defendants filed their motion to dismiss the first amended complaint three days later (dkt. 20), and the corresponding motions to dismiss by Robert Niblock and Rena Love Galimba followed (dkts. 26 and 27).  Plaintiff subsequently filed a "motion for

an extension of time to serve summons and Second Amended Complaint" (dkt. 29), but this motion was untimely because this Court has not granted Plaintiff permission to file an amended complaint. Defendants oppose Plaintiff's request to file the SAC. See Opp. (dkt. 28). In light of the pending motions to dismiss, the motion to amend was carried with the motions to dismiss. Therefore, this Court now considers Plaintiff's motion to file a second amended complaint in conjunction with deciding whether to grant Plaintiff leave to amend in the course of granting the instant motions to dismiss.

Although leave to amend is freely given under Federal Rule of Civil Procedure 15(a) when justice so requires, the particular circumstances of this case lead the Court to DENY leave to amend in this instance. The fact that Plaintiff has already docketed a second amended complaint (in the context of her motion to amend) gives this Court insight into what exact purpose would be served by granting Plaintiff leave to amend. The SAC shows that three of the five factors—prejudice to the opposing party, futility of amendment, and prior amendments of the complaint—weigh in favor of denying Plaintiff's Motion for Leave to Amend.

In the SAC, Plaintiff does three significant things. First, she adds four proposed new defendants, none of whom are Lowe's employees or are otherwise related to Plaintiff's employment claims, but instead concern Plaintiff's "ongoing family law" cases: Claiborne W. Sibley (Plaintiff's ex-husband), Mary Oaklund (Plaintiff's ex-husband's lawyer), Trina Blackshire (allegedly an Alameda County Court facilitator), and Boydine Hall (a Commissioner of the Superior Court, Alameda County). Second, she adds two new claims, the first of which is a 42 U.S.C. § 1983 claim which vaguely alleges that the Individual Defendants "conspired and participated with" the proposed new defendants to deprive Plaintiff of her "constitutional right, due process under the fourteenth amendment, rights to life, liberty." See SAC ¶¶ 85-90. She alleges no particularized facts connecting the parties or supporting these allegations. See SAC 85-90. She also alleges that Jason McNutt, Rena Love Galimba, and Edward Oliveira asked her to place her backpack in her locker when working, after which Plaintiff saw proposed new defendant Trina Blackshire "coming into the store with her hair all over her face and she had dark sun glasses on," and asserts that this violated her Section 1983 rights. SAC ¶¶ 91-95. The

second proposed new claim alleges defamation, wherein Plaintiff states that Defendant Jason McNutt allegedly "investigated plaintiff for still [stealing] and told employees to watch plaintiff." Id. ¶ 106. Plaintiff also alleges McNutt "was having plaintiff investigated for purchasing discount product and returning the product for full price." Plaintiff's final proposed amendments are to remove a few of the factual allegations from the FAC that were entirely unrelated to defendants or claims alleged therein. E.g., FAC ¶¶ 40, 42, 71-73, 75, 77, 80-81.

The Court declines to grant Plaintiff leave to make these amendments, which would only add irrelevant and unrelated defendants and irredeemably defective claims to this lawsuit. As discussed above, in determining whether to grant a motion to amend, the Court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes, 375 F.3d at 808. Here, the three factors of prejudice, futility, and prior amendments–including the former two, to which the Court may give more weight than any of the other factors–weigh in favor of denying leave to amend. See Bonin, 59 F.3d at 845; Eminence Capital, Inc., 316 F.3d at 1052.

The amendments proposed in the SAC are futile because, in making only typographical changes to the claims alleged in the FAC, they are unable to address any of the legal deficiencies that warrant granting the instant motions to dismiss. The proposed additional claims, defamation and violation of section 1983, are also futile because they fail to state any facts that would survive a future motion to dismiss. These claims are also legally defective in their own right: the defamation claim against Jason McNutt is time-barred because it exceeds the one-year statute of limitations for such claims under California law, see C.C.P. § 340(c), and the section 1983 claim neither alleges any constitutional right that was infringed nor any plausible argument that Lowe's employees were acting under color of law. At most, Plaintiff alleges that proposed new defendant Tina Blackshire, a court facilitator and liaison to Alameda County Commissioners and the Department of Child Support Services, was seen in the Lowe's store around the time that Lowe's managers spoke to Plaintiff about storing her backpack in her locker; that some of the emails in her Lowe's email account were deleted; and that Lowe's acted pursuant to certain

wage garnishments concerning Plaintiff.  See SAC ¶¶ 86, 91-99.  These allegations fail to state any of the elements required for a section 1983 action.

Moreover, allowing the amendment would prejudice both existing and proposed new parties.  The existing defendants should not be required to oppose a new complaint that the Court already knows to be wholly defective as a matter of law.  Moreover, the proposed new family law defendants are wholly unrelated to the employment claims alleged in this action, and share no common questions of law or fact to the existing defendants.  Allowing Plaintiff to join them to the existing action would thus violate Federal Rule of Civil Procedure 18(a).  Finally, Plaintiff was already granted previous leave to amend, which the Court considers as part of its analysis of the instant motion.  In the aggregate, these factors lead the Court to conclude that leave to amend should be, and hereby is, DENIED.  See Nunes, 375 F.3d at 808.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS all three motions to dismiss WITHOUT LEAVE TO AMEND.  The Court also DENIES Plaintiff's motion to file an SAC and DENIES AS MOOT Plaintiff's pending motion for an extension of time to serve the summons and proposed SAC.

**IT IS SO ORDERED.**

Dated: December 16, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE