IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>LOWE'S HIW INC., ET AL.,<br><br>    Defendants. | No. 3:14-cv-02984-CRB<br><br>**ORDER REVOKING IN FORMA PAUPERIS STATUS ON APPEAL** |

On January 20, 2015, the Ninth Circuit Court of Appeals referred this matter to the district court for the purpose of determining whether in forma pauperis status should continue for the appeal or whether the appeal is frivolous or taken in bad faith. See Referral Notice (dkt. 58).

On July 16, 2014, this Court dismissed Washington's initial complaint for failure to state a claim on which relief may be granted, and allowed leave to amend. Order re IFP and Mot. to Dismiss(dkt. 8). Washington filed her First Amended Complaint ("FAC") on August 13, 2014. FAC (dkt. 11). Thereafter, certain defendants filed motions to dismiss the FAC, see Mtns. to Dismiss (dkts. 20, 26, 27), and Washington filed a motion for leave to file a Second Amended Complaint ("SAC") wherein she provided a copy of the proposed SAC, see SAC (dkt. 19). On December 16, 2014, this Court granted the motions to dismiss filed by certain defendants in a detailed order that lays out the reasons for the holding. See Order

re FAC (dkt. 52).  The Court determined amendment would be futile and unwarranted because the proposed SAC only added numerous allegations regarding Washington's unrelated ongoing family law cases and failed to remedy the pleading defects of the FAC.  See id. at 13–16.

Washington now appeals on three grounds from that order.  See Statement of Issues on Appeal (dkt. 60).  First, she appeals that she was not given the opportunity to discuss her position regarding the case at a hearing on December 12, 2014.  See id. at 1–2.  This is in reference to the fact that at the hearing, the Court advised the parties that it had reviewed all filings and the motions were taken under submission.  See Minute Entry 12/12/2014 (dkt. 51).  Second, Washington alleges that "the respondent engaged in fraud, misrepresentation, and other misconduct that prevented the appellant motion to amend the first complaint to be denied by the court."  See Statement of Issues at 2.  Washington provides no details or explanation as to the alleged fraud.  See id.  Third, Washington appeals that the court granted the motions to dismiss "without considering the facts of the case and law" and without a fair hearing.  See id.

The Court finds that Washington's appeal is frivolous and hereby revokes in forma pauperis status.  See 28 U.S.C. § 1915(a)(3); see also Hooker v. American Airlines, 302 F.3d 1091 1092 (9th Cir. 2002).  Even if a party provides proof of indigence, "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  An appeal is in "good faith" where it seeks review of any issue that is "nonfrivolous."  Hooker, 302 F.3d at 1092.  An issue is frivolous if it has "no arguable basis in fact or law."  See O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984)).

Washington's first issue on appeal has no basis in law because a judge has discretion to determine a motion without oral argument.  See Northern District of California Local Rule 7-1(b).  Washington availed herself of ample opportunity to present her views via written filings (see, e.g., dkts. 19, 25, 29, 31, 38, 39, 43, 47), which the Court considered in ruling on the motion as stated in open court, Minute Entry 12/12/2014.

2

1    Moreover, under 28 U.S.C. § 1291, federal courts of appeals have "jurisdiction of appeals from all final decisions of the district courts," except where direct review may be had in the Supreme Court. Swint v. Chambers Cty. Comm'n, 514 U.S. 35, 41 (1995) (quoting 28 U.S.C. § 1291).  Washington's first and second issues on a appeal—that she did not present oral argument and that defendants engaged in unspecified fraud and misconduct with respect to proceedings in this Court—are not orders at all, much less final ones, and neither has an arguable basis in fact or law.  To the extent that a generous reading of Washington's third issue on appeal encompasses claims that this Court erroneously granted the motions to dismiss without leave to amend, neither raises an appealable final order.  The order of a district court denying a plaintiff "leave to amend her complaint is not appealable" because "[s]uch orders, as a class, contemplate further proceedings in the district court," such that review is available only "after the final judgment, into which [such orders] merge." Bradshaw v. Zoological Soc. of San Diego., 662 F.2d 1301, 1304 (9th Cir. 1981).  Orders denying leave to amend a complaint also fail to qualify as collateral orders for interlocutory review under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949). Bradshaw, 662 F.2d at 1301.  Similarly, an order granting a motion to dismiss claims against some, but not all, defendants is not appealable since it too is an interlocutory order rather than a final judgment.  See Frank Briscoe Corp. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir. 1985).  Here, the FAC remains the operative complaint on file and Washington has claims pending against Defendant Lowe's Home Centers, LLC.  This Court's order granting the motions to dismiss without leave to amend filed by other defendants thus presents no appealable final order.

Accordingly, in response to the Ninth Circuit's Referral Notice, the Court hereby REVOKES Washington's in forma pauperis status on appeal.  See 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: January 30, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

3